**In re Petition for DISCIPLINARY ACTION AGAINST Stanley J. LEINO, an Attorney at Law of the State of Minnesota.**

No. C4–99–1827.

Supreme Court of Minnesota.

April 28, 2000.

## ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Stanley J. Leino has committed professional misconduct warranting public discipline, namely, misappropriating client funds, fabricating and forging documents and making false statements under oath intended to conceal the misappropriation, submitting false police reports alleging that the former clients who had filed a complaint against him had burglarized his office and kidnapped him, and mailing an anonymous, threatening note to the district court judge assigned to hear the disciplinary proceedings with the intent of making it appear that the complaining former clients had sent the note, in violation of Rules 1.15(a) and (c)(4), 3.3(a)(4), 3.3(b), 3.4(b), 4.1, 8.1(a)(1), 8.4(b), 8.4(c) and 8.4(d), Minnesota Rules of Professional Conduct.

Respondent admits his conduct violated the Rules of Professional Conduct, waives his rights pursuant to Rule 14, Rules on Lawyers Professional Responsibility (RLPR), and has entered into a stipulation with the Director wherein they jointly recommend that the appropriate discipline is an indefinite suspension for at least three years, commencement of the term of suspension to be retroactive to March 2, 2000, the date of respondent's temporary suspension. Reinstatement is conditioned upon (1) payment of costs in the amount of $900 plus interest and disbursements in the amount of $244.27 plus interest pursuant to Rule 24(d), RLPR, (2) compliance with Rule 26, RLPR, (3) successful completion of the professional responsibility examination pursuant to Rule 18(e), RLPR, (4) satisfaction of the continuing legal education requirements pursuant to Rule 18(e), RLPR, (5) restitution of the misappropriated funds, and (6) submission of a current psychiatric evaluation demonstrating fitness to practice law. The Director represents that respondent's psychological condition contributed to the misconduct and that his condition should mitigate against imposing more severe discipline.

This court has independently reviewed the file and approves the jointly recommended disposition. The court finds that more severe discipline is not warranted because of respondent's psychological condition.

IT IS HEREBY ORDERED that respondent Stanley J. Leino be indefinitely

suspended with a minimum term of suspension of three years commencing March 2, 2000, and reinstatement subject to the terms outlined above.

BY THE COURT

Alan C. Page

Associate Justice