**In re Petition for DISCIPLINARY ACTION AGAINST Stanley J. LEINO, an Attorney at Law of the State of Minnesota.**

No. C4–99–1827.

Supreme Court of Minnesota.

Jan. 25, 2002.

## ORDER

On August 7, 2000, the Director filed a petition for disciplinary action against Stanley J. Leino and on October 17, 2000, filed an amendment and supplementary petition for disciplinary action. The Honorable David E. Christensen, the referee appointed by this court, held a hearing on said petitions on November 15, 2000.

Respondent Stanley J. Leino did not attend the November 15, 2000, hearing or assert any factors in mitigation of the misconduct alleged. The referee found that respondent continued to practice law after his license to practice had been suspended, made false statements to the courts, clients and opposing counsel regarding his licensure status, adopted and used fictional identities to facilitate his ongoing practice, made false statements to this court in an affidavit filed under Rule 26, Rules on Lawyers Professional Responsibility (RLPR), made false statements in an application for admission to the South Dakota Bar, and failed to cooperate in the disciplinary proceedings. The referee found that this misconduct violated Minn. R. Prof. Conduct 3.3(a)(1) and (4), 3.4(c), 4.1, 5.5, 8.1(a)(3), and 8.4(b), (c), and (d), and Rule 25, RLPR, and recommended disbarment. The matter was thereupon set for briefing and oral argument.

On June 6, 2001, pursuant to a stipulation between the Director and respondent, this court ordered a stay of the disciplinary proceedings and remanded for proceedings before the referee for the purpose of taking further evidence regarding whether respondent's mental health and respondent's mental illness, if any, ought to be considered a mitigating circumstance sufficient to recommend a sanction less severe than disbarment. Thereafter, a licensed psychologist evaluated respondent and the Director was afforded the opportunity to review the psychologist's written reports and consult with the psychologist regarding respondent. The Director accepts that the unique circumstances of this case justify some consideration of respondent's psychological disability as a mitigating circumstance.

Respondent and the Director have entered into a stipulation in which respondent waives his rights under the June 6, 2001, order and Rule 14, RLPR. The parties jointly recommend that the appropriate discipline is a two-year suspension to run consecutively to the minimum three-year suspension ordered by this court in *In re Disciplinary Action Against Leino,* 609 N.W.2d 616 (Minn.2000), with no waiver of the reinstatement hearing provided for in Rule 18, RLPR, and no right to petition for reinstatement prior to March 2, 2005. The parties further recommend that reinstatement be conditioned upon: (1) payment of costs in the amount of $900 plus interest and disbursements in the amount of $663.68, plus interest under Rule 24(d), RLPR; (2) compliance with Rule 26, RLPR, (3) successful completion of the professional responsibility examination under Rule 18(e), RLPR; (4) satisfaction of the continuing legal education requirements under Rule 18(e), RLPR; and (5) establishment by clear and convincing evidence that respondent is subject to no mental disability which will impair his ability to practice law in compliance with the Minnesota Rules of Professional Conduct, after first submitting, at his expense, to an

independent medical examination if so requested by the Director.

This court has independently reviewed the file and approves the jointly recommended disposition:

IT IS HEREBY ORDERED that respondent Stanley J. Leino is suspended from the practice of law for an additional two years to run consecutively to the minimum three-year suspension ordered by this court in *In re Disciplinary Action Against Leino*, 609 N.W.2d 616 (Minn. 2000). The reinstatement hearing provided for in Rule 18, RLPR, is not waived and respondent may not petition for reinstatement prior to March 2, 2005. Reinstatement is conditioned upon the agreed-upon conditions set forth above. Respondent shall pay $1,563.68 in costs and disbursements plus interest.

BY THE COURT:
Paul H. Anderson
Associate Justice