**In re Petition for REINSTATEMENT to the Practice of Law OF Stanley James LEINO, Registration No. 272292.**

No. A07–1650.

Supreme Court of Minnesota.

July 22, 2011.

ORDER

In 2000, we indefinitely suspended petitioner Stanley James Leino from the practice of law for a minimum of three years for misappropriating client funds, fabricating and forging documents and making false statements under oath intended to conceal the misappropriation, submitting false police reports alleging that former clients who had filed an ethics complaint against him had burglarized his office and kidnapped him, and sending an anonymous threatening note to the district court judge assigned to hear the disciplinary proceedings with the intent to make it appear that the complaining former clients had sent the note, in violation of Minn. R. Prof. Conduct 1.15(a), 1.15(c)(4), 3.3(a)(4), 3.3(b), 3.4(b), 4.1, 8.1(a)(1), 8.4(b), 8.4(c), and 8.4(d). *In re Leino,* 609 N.W.2d 616, 617–18 (Minn.2000).

In 2002, we extended petitioner's suspension by two years for additional mis-

conduct, namely, continuing to practice law after suspension; making false statements to the courts, clients, and opposing counsel regarding the status of his license; adopting and using fictional identities to facilitate his ongoing practice; making false statements to this court and in an application for admission to the South Dakota Bar; and failing to cooperate in the disciplinary proceedings, in violation of Minn. R. Prof. Conduct 3.3(a)(1), 3.3(a)(4), 3.4(c), 4.1, 5.5, 8.1(a)(3), 8.4(b), 8.4(c), 8.4(d), and Rule 25, Rules on Lawyers Professional Responsibility. *In re Leino,* 638 N.W.2d 759, 759–60 (Minn.2002). Both the 2000 and 2002 suspension orders require petitioner to establish by clear and convincing evidence that he is subject to no mental disability that would impair his ability to practice law in compliance with the Rules of Professional Conduct. *Leino,* 609 N.W.2d at 617; *Leino,* 638 N.W.2d at 759.

Petitioner filed a petition for reinstatement in 2007 and the matter was heard by a panel of the Lawyers Professional Responsibility Board in December 2010. The panel found that petitioner had established by clear and convincing evidence that he is competent and morally fit to resume the practice of law. The panel further found that petitioner had complied with all conditions for reinstatement imposed by the suspension orders. The panel recommends that petitioner be reinstated to the practice of law subject to certain conditions, including a bar on practice as a solo practitioner, supervised probation, and submission to periodic blood tests to confirm that petitioner is complying with the drug regimen prescribed by his treating physician. The Director of the Office of Lawyers Professional Responsibility and petitioner accept the panel's recommendation.

We requested additional information from the parties concerning whether petitioner has satisfied his obligation to the Client Security Board and the effect of petitioner's false accusations on his former clients. We received responses from the Director and from petitioner.

We have independently reviewed the file and approve the panel's recommended disposition.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that petitioner Stanley James Leino is reinstated to the active practice of law and is placed on probation until further order of this court, subject to the following conditions:

(a) Petitioner shall cooperate with the Director's office in its efforts to monitor compliance with this probation. Petitioner shall provide the Director with a current mailing address and shall promptly notify the Director of any change of address. Petitioner shall promptly respond to the Director's correspondence by its due date. Petitioner shall cooperate with the Director's investigation of any allegations of professional misconduct that may come to the Director's attention. At the Director's request, petitioner shall authorize the release of information and documentation to verify compliance with probation.

(b) Petitioner shall abide by the Minnesota Rules of Professional Conduct.

(c) Petitioner shall not practice law in a solo practice. Any attorney or law firm with whom petitioner practices shall be informed of the terms of this probation.

(d) Petitioner shall continue treatment with a licensed psychiatrist or psychologist acceptable to the Director and shall complete all therapy programs, including prescription medications, recommended by his treating physician.

(e) Not more than seven days before resuming the practice of law, petitioner

shall at his own expense submit to a blood test for prescription medication at a facility approved by the Director. Thereafter, petitioner shall submit, at the Director's request and at petitioner's expense, to blood test screening for prescription medication at a facility approved by the Director. The Director may request such screening no more frequently than once per calendar month. Petitioner shall direct the screening facility to provide the test results directly to the Director's office. If all such tests show that petitioner has complied with the drug regimen prescribed by his treating physician for a period of one year, the frequency of random testing may be reduced at the Director's discretion. Any test showing noncompliance, or any refusal of testing, shall be grounds for the Director to seek revocation of petitioner's probation.

(f) During any period in which petitioner practices law, petitioner shall be supervised by an attorney licensed to practice law in the State of Minnesota, subject to the following conditions:

(1) At least two weeks before resuming the practice of law, petitioner shall provide the Director with the names of at least four attorneys who have agreed to be nominated as petitioner's supervisor. If, after diligent effort, petitioner is unable to locate a supervisor acceptable to the Director, the Director shall appoint a supervisor. Until a supervisor has been appointed, petitioner shall on the first day of each month provide the Director with an inventory of active client files as described in subparagraph (2) below. Petitioner shall make client files available to the Director upon request.

(2) Petitioner shall cooperate fully with the supervisor's efforts to monitor compliance with this probation. Petitioner shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. By the first day of each month, petitioner shall provide the supervisor with an inventory of all active client files. With respect to each active client file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Petitioner's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as the Director may reasonably request.

(3) Within 30 days of resuming the practice of law, petitioner shall provide the Director and his probation supervisor with a written plan outlining office procedures designed to ensure that petitioner complies with the probation requirements. Petitioner shall provide progress reports as requested by either the Director or the probation supervisor.

(g) Either petitioner or the Director may seek to modify the terms of this order, including that the probation be unsupervised, provided that: (1) the request is made at least three years from the date of filing of this order; and (2) petitioner has complied with all terms of the probation, including compliance with the regimen prescribed by petitioner's treating physician.

BY THE COURT:

/s/Alan C. Page
Associate Justice