IN RE Petition for **REINSTATEMENT to the Practice of Law OF Stanley J. LEINO, a Minnesota Attorney, Registration No. 272292.**

A07-1650

Supreme Court of Minnesota.

Dated: June 8, 2017

ORDER

On July 22, 2011, we reinstated petitioner to the practice of law and placed him on probation "until further order of the court," subject to specific conditions. *In re Leino,* 801 N.W.2d 117, 118-19 (Minn. 2011) (order). The terms of petitioner's probation required petitioner to: "not practice law in a solo practice"; continue treatment with a licensed psychiatrist or psychologist acceptable to the Director; take blood tests in order to demonstrate his compliance with the drug regimen prescribed by his treating physician; and be supervised by a licensed attorney during any period in which petitioner practices law. *Id.* We allowed either party to "seek to modify the terms of this order ... provided that: (1) the request is made at least three years from the date of filing of this order; and (2) petitioner has complied with all terms of the probation, including compliance with the regimen prescribed by petitioner's treating physician." *Id.* at 119.

Petitioner filed a motion to modify the terms of his probation. Petitioner asks to be allowed to engage in a limited number of pro bono matters and to provide legal services to family members. Petitioner has also filed a stipulation to modify his probation to which the Director of the Office of Lawyers Professional responsibility has agreed.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Petitioner's motion to modify the terms of his probation is granted.

2. The conditions of petitioner's probation contained in our July 22, 2011 order reinstating petitioner to the practice of law are modified as follows:

a. Petitioner may provide legal services through established pro bono agencies to which he has provided a copy of

the July 22, 2011 reinstatement order, this order, and any order imposing discipline in a future disciplinary proceeding. An established pro bono agency is a program providing pro bono representation within a 501(c)(3) nonprofit organization that has as its primary purpose the furnishing of legal services to individuals with limited means. Petitioner may participate or represent clients in a maximum of five pro bono matters at a time. Petitioner's pro bono legal services must be limited to real property disputes or assisting other attorneys with real property aspects of other matters.

b. Petitioner may provide legal services to family members as those situations arise.

c. The supervision of petitioner's practice of law, as described in paragraph (f) of the July 22, 2011 reinstatement order will be conducted by the Director's Office. Petitioner's representation of pro bono clients and family members will be included in the inventory of active client files required by the July 22, 2011 reinstatement order.

BY THE COURT:

/s/ _____

David R. Stras
Associate Justice